## Case No. 16,733.

UNITED STATES v. WILSON.

[1 Cranch, C. C. 104.] [1]

Circuit Court, District of Columbia. Dec. Term, 1802.

LARCENY OF BANK CHECK—EVIDENCE—VARIANCE.

1. Upon an indictment for stealing a check upon a bank it is not necessary to produce the check itself, in order to admit parol evidence that it was presented at the bank.

2. Quære. whether a check drawn upon "the office of discount and deposit, Washington," be good evidence to support an averment of a check drawn on "the Bank of the United States," the corporate name being the "President, Directors, and Company of the Bank of the United States."

Indictment for stealing a check on the office of discount and deposit, Washington, from a seaman.

P. B. Key, for prisoner, objected that the United States ought not to be suffered to give the testimony of the officer of the bank respecting the prisoner's going to the bank with the check, unless they produced the check itself, and proved the handwriting of the drawer.

THE COURT overruled the objection, unless the prisoner can show that the check is in the possession or power of the United States.

The indictment stated the check to be "a check drawn on the Bank of the United States, and payable at the office of discount and deposit, Washington." The check proved was in this form—"Office of Discount and

Deposit, Washington, pay to ——— or bearer ——— dollars."

Mr. Key, for the prisoner, contended that the evidence did not support the averment in the indictment respecting the check. That the variance between the check proved and that alleged in the indictment was material; that the indictment ought to have set forth the check in hæc verba, and that there was no such body corporate as the Bank of the United States. The corporate name being the "President, Directors and Company of the Bank of the United States." 1 Stat. 192.

Mr. Mason, for the United States. By the act of Maryland, 1797, c. 96, § 1, it is enacted "that if any person within this state shall steal or take by robbery, any check or checks, order or orders, drawn on any bank established, or that may be established under a charter from the government of the United States, or of any particular state, it shall be deemed and construed to be felony of the same nature, and in the same degree, as if the offender, or offenders had stolen or taken by robbery any other goods of like value with the money due on such check," &c. And the act of congress establishing the bank (1 Stat. 191) enacts "that a Bank of the United States be established." Every check drawn on the office of discount and deposit is a check on the Bank of the United States. The branch is only an office of that bank. It was necessary to set forth the check according to its legal operation, and not according to its precise form. If a note of the Bank of the United States be refused payment at a branch, the suit must be against the Bank of the United States.

Mr. Key, in reply. If the check is not set forth in hæc verba, it ought, at least, to be stated according to its legal operation, which is not a check on the Bank of the United States, for there is no such corporate body, but on the president, directors and company of the Bank of the United States.

KILTY, Chief Judge, was of opinion that the variance was not material, and that the check was well set forth in the indictment.

CRANCH, Circuit Judge, contrà. The check is not set forth in hæc verba, nor according to its legal effect, and therefore it does not appear that the check proved is the same which is averred in the indictment.

MARSHALL, Circuit Judge, absent.

Verdict for the prisoner.